SUMMERS, Justice
(dissenting from the granting of this writ).
This action of the Court represents a violation of our often repeated decrees that we will not interfere with the orderly proceeding of the trial in the absence of a showing of irreparable injury or great harm to the applicant.
The unclear, vague and ambiguous decree issued by the Court is at least clear in one respect — it is a mandamus to the trial judge to upset his ruling and to affirmatively permit defendant to use the videotaped deposition of Dr. William Sternberg in lieu of the reading of the written deposition.
Mandamus is an extraordinary remedy. La.Code Civ.P. arts. 3781-3785, 3861-3866. We have invariably issued alternative writs when ordering a trial judge to upset a ruling previously handed down. To fail to do so upon the unilateral application of the party aggrieved by the trial judge’s ruling is contrary to the cited articles of the Code of Civil Procedure. Moreover, an ex parte order issued as in this instance without giving the trial judge an opportunity to support his ruling impairs the integrity and authority of the trial judge. It is an affront to the trial court’s dignity and prestige. These orders should only be employed in extraordinary situations involving irreparable injury or great harm and where the time element requires immediate action.
Furthermore, if I understand the “Order” the Court issues, it approves the video-taped deposition as authorized by law. Such a result is rank legislation, contrary to the explicit provisions of Article 1453 of the Code of Civil Procedure in such cases. Article 1453 provides that “The testimony shall be taken stenographically and transcribed . . . . ” Although the parties may agree otherwise, in the absence of *913 such an agreement the law does not permit other methods of recording the deposition. No argument has been made, and none can properly be made, that it was the intention of the legislature to authorize video-taped recordings.
Without the benefit of evidence or the investigation and inquiry which a legislative hearing would provide; indeed, without the benefit of argument by the opponents or the trial judge upon the implications of such an innovation, the Court hastily adopts this change to a clear and unequivocal legislative pronouncement.
So long as this Court disregards judicial restraint and embarks upon such a course of innovation and legislation it violates the constitution of this State[1] and the elementary and fundamental principle that their office is jus dicere not jus dare; to interpret law, and not to make law, or give law. More importantly, amending clear and unequivocal legislative expressions as a common and repeated activity of the Court cast an aura of uncertainty and doubt upon the entire body of the law. As a result the regulation of the affairs of men which the law undertakes is disrupted, rendered perilous and otherwise adversely affected.
The question here is not whether the Court’s “Order” is good or bad; the question is did we act in accordance with the constitution and laws of this State.
I respectfully dissent.

. La.Const. Art. II, §§ 1 & 2:
“The powers of the government of the State of Louisiana shall be divided into three distinct departments-legislative, executive and judicial.
“No one of these departments, nor any person or collection of persons holding office in one of them, shall exercise power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.”